**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION AT PLANO**

KAREN CLOSKEY, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

PENNEY OPCO LLC d/b/a JCPENNEY

Defendant

Case No. 4:26-cv-1697

CLASS ACTION COMPLAINT
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1. “Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans ‘outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers’ *id.* § 2(6), and sought to strike a balance between ‘[i]ndividuals’ privacy rights, public safety interests, and commercial freedoms’ *id.* § 2(9).

2. “The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Karen Closkey ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Penney OpCo LLC, d/b/a JCPenney ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent and by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

**Parties**

4. Plaintiff is a natural person who resides in Delaware County, Pennsylvania.

5. Defendant is a limited liability company headquartered in Plano, Collin County, Texas which is located within this District.

## **Jurisdiction & Venue**

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant because Defendant resides in this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent from this District.

## **The Telephone Consumer Protection Act**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

The Texas Business and Commerce Code

16. Realizing the particular harm to the Texas economy that unsolicited telemarketing calls poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

17. Under the Code, a "telephone call" includes both voice calls and text message calls. *Id.* § 304.002(10).

18. The burden of proof lies on Defendant to show it registered each business location to prove its licensure or on proving an exemption. *Id.* § 302.051.

19. The sale of clothing is not a product or service for which there is an exemption to the Code. *Id.* § 302.051.

20. Defendant is not registered with the Texas Secretary of State as required by the Business and Commerce Code. *Telephone Solicitors Search*, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying Defendant as either a DBA or seller name returns no results).

**<u>Factual Allegations</u>**

21. Plaintiff is, and at all times mentioned herein was, a natural person.

22. Plaintiff's telephone number, (484) XXX-XXXX, is a non-commercial telephone number.

23. Plaintiff uses the telephone number for personal, residential, and household purposes.

24. The telephone number is assigned to a telephone exchange service for consumers and not a telephone service for businesses.

25. Starting on or about September 20, 2025, the Plaintiff began receiving unsolicited text messages from the Defendant.

26. Plaintiff then replied "stop" on November 11, 2025, but the messages continued, so the Plaintiff replied "Stop" again on November 15, 2025, but the messages still continued.:




27. Plaintiff replied "STOP" again on November 23, 2025, but the messages continued:



28. The Plaintiff then replied “Stop” again on December 2, 2025 and “STOP” yet again December 5, 2025, but the messages continued:




29. In total, the Plaintiff received at least 17 text messages (and counting) after she first replied “stop” on November 11, 2025, and at least 6 such messages (and counting) more than 30 days after she first replied “stop” on November 11, 2025.

30. Defendant sent its messages on holidays, including Christmas Day and New Year’s Day:






31. In an effort to get the messages to stop despite her repeated do not call requests, Plaintiff placed her number on the National Do Not Call Registry on January 11, 2026, and continued to receive calls more than 31 days after she placed her number on the Registry, including on Sunday February 15, 2026 and Tuesday February 17, 2026:






32. In addition, the Plaintiff sent at least five text message calls to another number listed in JCPenney's online terms and conditions in the link provided in the text messages, 527937:




33. And, on or about March 14, 2026, the Plaintiff called JCPenney in an effort to get the text message calls to stop and emailed JCPenney and yet continued to receive calls.

34. Thereafter, Plaintiff, through counsel, sent a letter to Defendant. The calls still did not stop.

35. All of the text messages were sent from the telephone number "527767."

36. The text message calls were sent to promote the Defendant's retail shopping business and offered various sales and promotions.

37. Plaintiff never consented to receive text messages from Defendant.

38. Plaintiff never knowingly provided Defendant with her telephone number.

39. Moreover, Plaintiff requested Defendant stop multiple times and her request was ignored.

40. The messages continue through at least July 29, 2026.

41. In total, the Plaintiff received at least 67 messages *after* she replied stop on November 11, 2025.

42. Plaintiff received numerous telemarketing text message calls from Defendant from the telephone number 527767 and transmitted the Caller ID as "527767," during the aforementioned period.

43. It is not possible to call that 527767 number back to lodge a Do Not Call request during regular business hours.

44. It is not possible to send a text message to that number and lodge a Do Not Call request during regular business hours, as Plaintiff did so and was ignored.

45. Nor will anybody texting or calling that telephone number receive an alternate number to call to lodge a Do Not Call request during regular business hours.

46. As such, the caller ID information transmitted along with the text message calls did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

47. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

48. The text messages promoted Defendant's products, discounts, and limited-time offers, both as outlined above, and for example:

- 01/29/2026 2:08 PM 527767 JCP: Last Day! Jewelry Flash Sale. Up to 60% + Extra 40% Off online only http://jcp.is/4pPbHZ9 Select styles. Excl. apply STOPtoOptOUT. T&C: http://jcp.is/TC

- 02/04/2026 2:07 PM 527767 JCP: Presidents Day Home Sale! Up to 70% Off* BIG BUYS ends Sunday! http://jcp.is/3Z3KdEr Select Styles. Excl. apply. STOP to opt out. T&C: http://jcp.is/TC

- 02/17/2026: 2:06 PM 527767 JCP: The Liz Event is here! Meet your next outfit obsession: http://jcp.is/4ty7vQP Up to 40% Off select styles ends 2/22 STOPto OptOUT. T&C: http://jcp.is/TC

49. The messages advertised various promotions and sometimes included shortened hyperlinks directing Plaintiff to Defendant's website.

50. Additionally, the text message calls were sent after Plaintiff specifically requested not to be contacted by Defendant, and by a Defendant not registered as a solicitor in Texas.

51. Defendant's headquarters and principal place of business is in Texas.

52. As a result, and upon information and belief, Defendant sent the text message calls from a business location in Texas.

53. The messages were sent for the purpose of encouraging the purchase of Defendant's products.

54. Despite Plaintiff opting out of text messages, Defendant continued sending telemarketing text messages to Plaintiff.

55. Despite Plaintiff's number being registered on the National Do Not Call Registry, Defendant continued to send text messages to Plaintiff thirty-one or more days after the registration.

56. The continued messages included promotional sales alerts, holiday discounts, urgency-based offers, and links encouraging immediate purchases.

57. Plaintiff never consented to receive messages from Defendant.

58. Plaintiff never requested that the messages continue.

59. In fact, Plaintiff requested that they stop, including through letter sent by counsel to Defendant.

60. These requests were ignored.

61. The text message calls were unwanted.

62. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's telephone.

63. The calls occupied Plaintiff's storage, bandwidth, and disrupted Plaintiff's daily activities.

64. Plaintiff found the messages frustrating, annoying, and intrusive.

65. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of her telephone number.

66. The calls were sent to generate sales, increase traffic to Defendant's website and store, and promote Defendant's products.

67. Defendant used its trade name, trademarks, branding, promotional language, and website links in the text messages.

68. Defendant benefitted from the messages by promoting sales, advertising products, and driving consumer engagement.

69. Defendant continued sending messages despite Plaintiff's clear indication that the messages were unwanted.

70. Plaintiff was harmed by Defendant's conduct because the repeated, unwanted text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied

storage and bandwidth, disrupted her daily activities, and interfered with the use and enjoyment of her telephone number.

**Class Action Statement**

71. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

72. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

73. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all or (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Texas Business and Commerce Code Class:** All persons who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

74. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

75. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

76. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

77. This Class Action Complaint seeks injunctive relief and money damages.

78. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

79. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

80. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

81. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

82. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

83. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c. whether Defendant transmitted CPN or ANI, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

d. whether Defendant sent the text message calls from a business location without having registered itself as required under the Texas Business and Commerce Code;

e. Whether Defendant's conduct constitutes a violation of the TCPA; and

f. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

84. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

85. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

86. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

87. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

88. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

89. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

90. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

91. Defendant's violations were negligent, willful, or knowing.

92. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

93. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities

which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

94. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

95. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

96. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

97. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

98. These violations were willful or knowing.

99. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

100. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**<u>THIRD CAUSE OF ACTION</u>**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

101. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

102. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

103. Defendant's violations were negligent, willful, or knowing.

104. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**<u>FOURTH CAUSE OF ACTION</u>**

**Violations of Texas Business and Commerce Code § 302.101**
**(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

105. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

106. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

107. Defendant's violations were negligent, willful, or knowing.

108. As a result of Defendant's violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An order enjoining Defendant from placing calls without due registration in the future;

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Plaintiff,
By Counsel,

Dated: November 12, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class